FILED
2025 Feb-05 PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**BIRMINGHAM DIVISION**

JOEL HALL, SR., on behalf of himself and others similarly situated,

Plaintiffs,

vs.

JUST AS FAMILY, INC.,

Defendant.

**Case No.:**

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Joel Hall, Sr. (hereinafter "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant Just As Family, Inc. (hereinafter "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for its violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*

2. During the period relevant to this action, on or about September 2018 through the date of Plaintiff's resignation on or about August 2024, Defendant carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours including overtime compensation as required by federal law.

3. Plaintiff has initiated this action on behalf of himself and others similarly situated to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Defendant's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt caretaker duties for the benefit of Defendant in Alabama including within the county of Jefferson.

7. At all times relevant, Defendant engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. Plaintiff falls within the protections of the FLSA.

## PARTIES

9. Plaintiff is an adult individual who is and was a resident of Bessemer, Alabama.

10. Plaintiff was employed by Defendant in the State of Alabama during the period of about September 2018 through August 2024.

11. Defendant is a business entity formed under the laws of Alabama with a primary office located at 3018 15th Street Road, Hueytown, AL, 35023.

12. At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State Alabama at 311 Stoneriver Drive, Birmingham, AL, 35211.

## STATEMENT OF FACTS

13. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff and others similarly situated for all hours worked, including for all overtime hours he worked for every workweek.

14. Plaintiff began working for Defendant in or around September 2018, as a House Manager with job duties entailing caring for mentally disabled patients.

15. While employed, Plaintiff typically and customarily performed compensable caretaker and related job duties for the benefit of Defendant and its customers with an official work schedule of Tuesday through Thursday, from about 7:00 AM to around 7:00 AM, for a total of seventy-two (72) hours a week.

16. During the relevant period, Defendant typically paid Plaintiff a weekly amount based on a seventy-two (72) hour work week at a rate of twenty-four dollars ($24.00) per hour, totaling $1,728.00 per week.

17. Plaintiff and Defendant had an agreement that Plaintiff would be paid twenty-four dollars ($24.00) for every hour that he worked.

18. During the relevant period, Defendant failed to properly compensate Plaintiff for the thirty-two (32) overtime hours he worked in excess of forty (40) hours per week as required under the FLSA.

19. Because Plaintiff was entitled to be paid at $36.00 per overtime hour rather than the $24.00 he received for every such hour, Defendant is liable to Plaintiff in the amount of $384.00 per workweek plus liquidated damages, interest, attorneys' fees, and costs.

20. At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

21. At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA and to track and record Plaintiff's compensable hours accurately and with precision.

22. At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time-and-one-half rate for overtime Plaintiff worked in excess of forty (40) hours each week.

23. Upon information and belief, Plaintiff regularly complained about inaccurate compensation near the beginning of his tenure with Defendant in or around 2018.

24. Plaintiff ultimately resigned from his position with Defendant after around six (6) years of not receiving proper compensation for his overtime hours worked and having his complaints concerning same fall on deaf ears.

25. At all times during his employment for Defendant, Plaintiff was an exemplary employee who never received any citations or negative feedback regarding his work performance.

26. Upon information and belief, Plaintiff would not have resigned from his position if he were properly compensated for his overtime hours worked.

27. Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

28. As a result of Defendant's violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

29. Furthermore, Defendant's willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

30. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

31. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendant within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33. The collective action class is so numerous that joinder of all members is impracticable.

34. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately forty (40) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

35. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

37. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

40. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

41. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members.

43. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendant failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendant failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

44. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CAUSES OF ACTION

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

47. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

48. Defendant knowingly and willfully failed to pay Defendant for all hours that he worked.

49. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the Collective Action Members.

50. Defendant have failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

51. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

53. Because Defendant's violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

54. As a result of Defendant's unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff on behalf of himself and Collective Action Members, respectfully requests that this Court grant the following relief:

A. Against Defendant in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted this 4th day of February 2025.

**CONSUMER ATTORNEYS, PLLC**
*/s/ David I. Schoen*
David I. Schoen
Bar No. 0860-042D
2800 Zelda Road
Suite 100-6y
Montgomery, AL 36106
T: (334) 395-6611
david@schoenlawfirm.com
schoenlawfirm@gmail.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Joel Hall, Sr., and*
*all others similarly situated*