# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL HALL, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-00187-ACA |
| v. | ) | |
| | ) | |
| **JUST AS FAMILY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW, Defendant Just As Family (hereinafter referred to as "JAF" or "Defendant"), and hereby responds to Plaintiff Joel Hall, Sr.'s Complaint as follows:

## INTRODUCTION

1. Admit that Joel Hall, Sr. (hereinafter referred to as "Hall" or "Plaintiff") purports to bring this action pursuant the Fair Labor Standards Act, codified in the United States Code as 29 U.S.C. § 201, *et seq.* (hereinafter referred to as the "FLSA"). Defendant denies violating the FLSA or any other rule or law as it pertains to Plaintiff or putative collective action member.

2. Deny.

3. Defendant is without sufficient knowledge and information to admit or

deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof. Defendant denies depriving Plaintiff or any other employee of any wages that were lawfully due them.

## JURISDICTION AND VENUE

4. Admit jurisdiction is proper in United States District Court.

5. Admit venue is proper in the United States District Court for the Northern District of Alabama.

6. Deny.

7. Deny.

8. Deny.

## PARTIES

9. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof.

10. Admit that Plaintiff was employed by Defendant in the state of Alabama from approximately September 2018 to August 2024.

11. Admit.

12. Admit.

## STATEMENT OF FACTS

13. Deny.

14. Admit that Plaintiff was hired to be House Manager, whose duties included overseeing and supervising those caring for individuals with mental challenges.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof, as Plaintiff was properly paid under the FLSA.

27. Deny.

28. Deny.

29. Deny.

30. Deny, as Defendant has not violated the FLSA as it relates to Plaintiff.

31. Deny Plaintiff is due any relief under the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof. Moreover, Defendant denies violating any FLSA-guaranteed rights of any putative collective action members.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof.

38. Deny.

39. Deny.

40. Deny.

41. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands

strict proof thereof.

  42. Deny.

  43. Deny.

  44. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof.

  45. Deny, as Defendant has engaged in no wrongful conduct.

  46. Defendant is without sufficient knowledge and information to admit or deny the assertion(s) in this paragraph and, therefore, denies the same and demands strict proof thereof.

  47. Deny.

  48. Deny.

  49. Deny Plaintiff and/or any other putative collective action member is due any relief under the FLSA.

  50. Defendant denies that it failed to pay any of its employees in violation of the FLSA.

  51. Deny.

  52. Deny.

  53. Deny.

  54. Deny.

## **PRAYER FOR RELIEF**

Defendant denies Plaintiff is due any relief under the Fair Labor Standards Act.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The business in issue is highly localized and does not engage primarily in interstate commerce.

2. Plaintiff was not involved in interstate commerce when performing his duties for Defendant.

3. Plaintiff fails to state a claim upon which relief may be granted.

4. Plaintiff did not work the hours he claims to have worked.

5. Defendant properly paid Plaintiff for purposes of the Fair Labor Standards Act.

6. At all relevant times, Plaintiff was an exempt employee as defined under the Fair Labor Standards Act.

7. Defendant did not willfully violate any of Plaintiff's federally-protected right(s).

8. Defendant acted in good faith and upon reasonable grounds to believe Defendant was not violating applicable law.

Respectfully submitted, this 27th day of February, 2025.

                                          */s/ Robert L. Beeman, II*
                                          Robert L. Beeman, II
                                          Attorney for Plaintiff
                                          Alabama Bar No. 1838-E63R
                                          P.O. Box 253
                                          Helena, AL 35080
                                          Rlbsportsmgnt12@gmail.com
                                          205.422.9015 (P)
                                          800.693.5150 (F)

## **CERTIFICATE OF SERVICE**

      I hereby certify that this pleading has been or will be filed using the Court's electronic notice and delivery system, which will provide notice to counsel of record below. Done this 27th day of February, 2025.

Mr. David I. Schoen
2800 Zelda Road
Suite 100-6y
Montgomery, AL 36106
David@schoenlawfirm.com

                                          */s/Robert L. Beeman, II*_____
                                          Robert L. Beeman, II