FILED
2025 Mar-28 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JOEL HALL, SR., on behalf of himself and others similarly situated,

Plaintiff,

vs.

JUST AS FAMILY, INC.,

Defendant.

**Case No.: 2:25-cv-187 (ACA)**

**REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING**

Plaintiff Joel Hall, Sr. ("Plaintiff"), and Defendant Just as Family Inc. ("Just as Family" or "Defendant") by and through counsel, hereby jointly submit the following report of the Parties' Planning Meeting.

**1. Synopsis of the case.**

**Plaintiff's Summary:**

Plaintiff began working for Defendant in or around September 2018, as a House Manager with job duties entailing caring for mentally disabled patients. While employed, Plaintiff typically and customarily performed compensable caretaker and related job duties for the benefit of Defendant and its customers with an official work schedule of Tuesday through Thursday, from about 7:00 AM to around 7:00 AM, for a total of seventy-two (72) hours a week. During the relevant period, Defendant typically paid Plaintiff a weekly amount based on a seventy-two (72) hour work

week at a rate of twenty-four dollars ($24.00) per hour, totaling $1,728.00 per week. Plaintiff and Defendant had an agreement that Plaintiff would be paid twenty-four dollars ($24.00) for every hour that he worked. During the relevant period, Defendant failed to properly compensate Plaintiff for the thirty-two (32) overtime hours he worked in excess of forty (40) hours per week as required under the FLSA. Because Plaintiff was entitled to be paid at $36.00 per overtime hour rather than the $24.00 he received for every such hour, Defendant is liable to Plaintiff in the amount of $384.00 per workweek plus liquidated damages, interest (pre-judgment and post-judgment), reasonable attorneys' fees, and costs. At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week. Upon information and belief, Plaintiff regularly complained about inaccurate compensation near the beginning of his tenure with Defendant in or around 2018 until he separated from employment from the Defendant. Plaintiff ultimately resigned from his position with Defendant after around six (6) years of not receiving proper compensation for his overtime hours worked and having his complaints concerning same fall on deaf ears.

**Just as Family's Summary:**

At all times relevant to this litigation, Defendant operated two (2) residential facilities in the Birmingham, Alabama area to treat and care for individuals

experiencing intellectual disabilities. Plaintiff began his employment with Just as Family, Inc. in or about September 2018 as Residential House Manager to oversee the operation and functioning of one or both facilities. Plaintiff's primary duty involved the performance of office or non-manual work directly related to the management or general business operations of Just as Family, Inc. and/or its clients. Moreover, Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff was always paid at least $35,568 annually ($684 weekly).

Plaintiff resigned his employment in August 2024 following an altercation with a staffer. Prior to his unforced resignation, Plaintiff never had any conversation(s) with nor made any complaints to management personnel or decisionmaker of Just as Family, Inc. regarding his compensation or any other personnel-related concern.

Defendant denies that it ever violated any federally-protected right(s) of Plaintiff. Furthermore, Defendant never acted in willful or reckless disregard in establishing its compensation practices.

**2. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on March 18, 2025 by virtual meeting:**

**a.** Emanuel Kataev, Esq. representing Plaintiff Joel Hall, Jr.

**b.** Robert L. Beeman, II, Esq. representing Defendant Just as Family Inc.

3. **Initial Disclosures**. The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is **April 8, 2025.**

4. **Discovery Plan.** The parties propose this discovery plan:

**Plaintiff anticipates conducting discovery on the following subjects**:

Plaintiff's hours worked and compensation paid, personnel file, and related employment records and information.

**Defendant Just as Family anticipates conducting discovery on the following subjects:**

Plaintiff's duties and compensation.

a. **DISCOVERY**:
   i. Fact Discovery must be completed on or before: **March 31, 2026**.
   ii. All discovery should be conducted so as to conclude by **April 30, 2026**.
   iii. The parties agree fact discovery should not be completed in phases or limited to or focused on a particular issue.

b. **INTERROGATORIES**: The parties agree to a limit of twenty-five (25) interrogatories per side. The deadline to respond to written requests is thirty (30) days after the service of such requests.

c. **REQUESTS FOR ADMISSION**: The parties agree to abide by the limits of the Federal Rules of Civil Procedure. The deadline to respond to written requests is thirty (30) days after the service of such requests.

d. **REQUESTS FOR PRODUCTION**: The parties agree the deadline to respond to written requests is thirty (30) days after the service of such requests. The parties agree to abide by the limits of the Federal Rules of Civil Procedure.

e. **DEPOSITIONS (number)**: The parties agree to abide by the Federal Rules of Civil Procedure with respect to the maximum number of depositions.

f. **DEPOSITIONS (length)**: The parties agree to abide by the Federal Rules of Civil Procedure with respect to the maximum length of depositions.

g. **EXPERT WITNESSES:** The Parties propose the following deadlines:

   i. Expert reports: N/A – not anticipated, but parties reserve the right to appoint an expert.

   ii. Expert Rebuttal Reports on or before: N/A – see above

   iii. Expert Depositions: N/A – see above

5. Other Items:

a. **AMEND PLEADINGS**: The parties agree any amendments to pleadings or to join parties must be filed on or before June 30, 2025 for Plaintiff to amend and on or before July 31, 2025 for any responsive pleading.

b. **DISPOSITIVE MOTIONS**: Dispositive Motions must be filed on or before: **May 31, 2026.**

c. **SETTLEMENT**: The parties remain open to the prospect of settlement, contingent upon the factual findings made by the parties through discovery. Plaintiff provided Defendant with a settlement demand prior to the commencement of this case. Defendant recently provided a response to the settlement demand on March 21, 2025. Plaintiff intends to counter within the next few weeks.

d. **ALTERNATIVE DISPUTE RESOLUTION**: The parties agree it is unlikely ADR will enhance settlement prospects before sufficient discovery has been completed to assess the value of Plaintiff's claims. The parties agree to continue to discuss settlement privately throughout discovery.

e. **TRIAL**: Trial is estimated to last 3-5 days. The parties propose Trial begin on or after **November 1, 2026**.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed

on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise

the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**(F) Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Joel Hall, Jr. | Emanuel Kataev (ekataev@consumerattorneys.com)<br>Mia Kristensen (mkristensen@consumerattorneys.com)<br>Irina Iakovleva (iiakovleva@consumerattorneys.com) |
| Defendant Just as Family Inc. | Robert L. Beeman, II (rlbsportsmgnt12@gmail.com) |

//

Respectfully submitted this 28th day of March, 2025.

**CONSUMER ATTORNEYS, PLLC**
*/s/ David I. Schoen*
David I. Schoen
Bar No. 0860-042D
2800 Zelda Road
Suite 100-6y
Montgomery, AL 36106
T: (334) 395-6611
david@schoenlawfirm.com
schoenlawfirm@gmail.com

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
*Admitted Pro Hac Vice*
6829 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Joel Hall, Sr., and*
*all others similarly situated*

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Alabama Bar No. 1838-E63R
P.O. Box 253
Helena, AL 35080
Rlbsportsmgnt12@gmail.com
205.422.9015 (P)
800.693.5150 (F)

*Attorney for Defendant*
*Just as Family, Inc.*

**CERTIFICATES OF SERVICE:**

I hereby certify that on March 28, 2025 I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Emanuel Kataev, Esq.*