FILED
2026 Feb-27  AM 07:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JOEL HALL, SR., on behalf of himself
and others similarly situated,

      Plaintiff,

vs.

JUST AS FAMILY, INC.,

      Defendant.

**Case No.: 2:25-cv-00187-ACA**

## JOINT STATUS REPORT

Plaintiff Joel Hall, Sr. ("Plaintiff"), on behalf of himself and others similarly situated and Defendant Just as Family, Inc. ("Defendant"), (Plaintiff and Defendant collectively hereinafter the "the Parties"), pursuant to this Court's scheduling Order dated April 14, 2025 (ECF 12), respectfully submit this joint status report.

This is a wage-and-hour case. The parties have engaged in extensive settlement discussions and are currently $3,950.00 apart. Both sides have made concessions, albeit minor ones, from their "last, best, and final" offers and demands, and this case has been marked by some acrimony because the Defendant was previously married to the Defendant's principal.

To that end, while the parties do not object to mediation, if the parties are unable to settle this case on their own within the next thirty (30) days, Plaintiff respectfully seeks a settlement conference before a magistrate judge.

Indeed, Rule 16 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides a district court with the "power to facilitate settlement discussions." See In re Novak, 932 F.2d 1397, 1403 (11th Cir. 1991); see also Fed. R. Civ. P. 16(c)(1). Pursuant to this Rule, the Court "may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Fed. R. Civ. P. 16(c)(1).

While Defendant objects to conducting a settlement conference, Plaintiff respectfully submits that the current settlement posture of the case does not warrant the expense of a mediation.  In the event this Court declines, in its discretion, to order the parties to appear at a settlement conference should they be unable to settle this matter on their own within the next thirty (30) days, Plaintiff respectfully requests that the Defendant should be responsible for all mediation costs.

There are no pending motions.  Plaintiff propounded discovery demands which remain outstanding, albeit Defendant requested and Plaintiff consented to an extension of time for Defendant to respond.  Defendant has waived paper discovery and although it has stated an intention to depose the Plaintiff, no notice of deposition has been served to date.  Because this case should settle given the small spread between the Parties' last respective demand and offer, the parties currently do not anticipate any problems in preparing the case for trial.

Respectfully submitted this 27th day of February, 2025.

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
Admitted Pro Hac Vice
6829 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Alabama Bar No. 1838-E63R
P.O. Box 253
Helena, AL 35080
Rlbsportsmgnt12@gmail.com
205.422.9015 (P)
800.693.5150 (F)

*/s/ David I. Schoen*
David I. Schoen
Bar No. 0860-042D
2800 Zelda Road
Suite 100-6y
Montgomery, AL 36106
T: (334) 395-6611
david@schoenlawfirm.com
schoenlawfirm@gmail.com

*Attorney for Defendant*
*Just as Family, Inc.*

*Attorneys for Plaintiff*
*Joel Hall, Sr., and*
*all others similarly situated*

3

## CERTIFICATES OF SERVICE:

I hereby certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev*