FILED
2026 Jun-12 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL HALL, SR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Civil Action No. 2:25-cv-187-ACA** |
| | } | |
| **JUST AS FAMILY, INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## ORDER SETTING PRETRIAL SCHEDULING CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16, the court **SETS** this case for a pretrial scheduling conference on **July 23, 2026** at **9:30 A.M.**, sixth floor chambers of the undersigned, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama. The conference will address the matters outlined in Rule 16, including the limitation of issues to be tried, ruling on pending motions, and settlement possibilities. The court will also set a trial date, a final pretrial conference date, and pretrial deadlines, including deadlines for witness and exhibit lists, objections to witness and exhibit lists, motions in limine, proposed jury instructions, and proposed verdict forms.

To facilitate the court's discussion, counsel for the parties must jointly submit by email (axon_chambers@alnd.uscourts.gov) **on or before July 16, 2026,** the following.

(1) A statement of the case appropriate for the court to use in advising the venire of the nature of the case.

(2) The undisputed facts, set out in separately numbered paragraphs. The court reminds the parties that they should approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the court will read these facts to the jury and instruct the jury to accept these facts as true. In a bench trial, the court will accept these facts as true.

(3) The plaintiff's contentions against each defendant identifying the count of the operative complaint in which the claim is made and including a <u>concise</u> statement of the legal theory and factual allegations the plaintiff expects to prove in support of the claim. Vague, conclusory, and general claims and allegations are not acceptable. At the end of each statement of a claim, the plaintiff should list any citations to major cases, statutes, etc., that support the legal theory.

(4) The defendant's contentions identifying the count of the operative complaint to which the defense applies. The contentions should include a <u>concise</u> statement of the legal theory and factual allegations the defendant expects to prove in support of the defense. Vague, conclusory, and general defenses are not acceptable. At the end of each statement of a defense, the defendant should list any citations to major cases, statutes, etc., that support the legal theory.

(5) A list of any pending motions, discovery disputes, or any other matters that the court may need to consider in setting pretrial deadlines.

Counsel attending the conference must be well-informed about the factual and legal issues of the case and to have authority to enter appropriate stipulations and

participate in settlement discussions. <u>Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

After the pretrial scheduling conference, the court will enter a pretrial scheduling order setting out the deadlines discussed. The pretrial scheduling order will control absent exceptionally good cause.

**DONE** and **ORDERED** this June 12, 2026.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE