FILED
2026 Sep-23 PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOEL HALL, SR., on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST AS FAMILY, INC.,<br><br>Defendant. | **Case No. 2:25-cv-187 (ACA)**<br><br>**UNOPPOSED** |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT, RETENTION OF JURISDICTION, AND STAY OF DEADLINES

Plaintiff Joel Hall, Sr. ("Plaintiff") and Defendant Just as Family, Inc. ("Defendant") (together, the "Parties") jointly move for approval of their fully executed Settlement Agreement and Release (the "Agreement"), attached as **Exhibit "A."** After arm's-length negotiations and the conferral required by the Court's Initial Order, the Parties agree on all requested relief: approval of the Agreement as a fair and reasonable resolution of a *bona fide* Fair Labor Standards Act ("FLSA") dispute; approval of the negotiated fee and cost components; a stay of remaining deadlines while Defendant completes the agreed installments; retention of enforcement jurisdiction; and dismissal with prejudice after full payment. No area of disagreement remains.

The Agreement resolves disputed questions concerning Plaintiff's hours, Defendant's asserted exemption, willfulness, good faith, the limitations period, damages, and collectability. It pays $25,000.00 in six (6) installments (the first of which has been received in Plaintiff's counsel's escrow account, but has not yet been released), allocates $13,197.25 to Plaintiff, $10,797.75 to attorneys' fees, and $1,005.00 to costs, and limits the release to wage-and-hour claims tied to the facts at issue. For the reasons below, the Agreement satisfies Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

## I. BACKGROUND

1. Plaintiff filed this case on February 5, 2025, alleging that Defendant employed him as a house manager and caretaker from approximately September 2018 through August 2024.

2. Plaintiff alleged that he regularly worked seventy-two (72) hours per week, received $24.00 per hour for every hour, and was not paid the additional half-time premium due for thirty-two weekly overtime hours. See ECF Docket Entry ("ECF") 1 ¶¶ 14-19.

3. Plaintiff sought unpaid overtime, an equal amount of liquidated damages, fees, and costs under 29 U.S.C. § 216(b).

4. No collective action was certified and no opt-in plaintiff joined.

5. Defendant denied liability and asserted, among other defenses, that Plaintiff did not work the hours claimed, was properly paid, was exempt from the FLSA, and could not prove willfulness or the absence of good faith. ECF 9 at 6.

6. These defenses placed coverage, hours, the applicable limitations period, liquidated damages, and the amount of any recovery genuinely in dispute.

7. The Parties conducted a Rule 26(f) conference, filed a planning report, exchanged initial disclosures, and Plaintiff served written discovery. ECF 10, 11, and 12.

8. Their February 27, 2026 joint status report advised the Court that the Parties had engaged in extensive settlement discussions, were $3,950.00 apart, and had made concessions from prior positions. ECF 13.

9. The Court later set a pretrial scheduling conference and required a detailed joint submission. ECF 14 and 17 (text Order).

10. The Parties prepared that submission and continued negotiating a settlement against a concrete pretrial posture.

11. On August 17, 2026, Defendant offered $25,000.00 payable over six months.

12. Plaintiff accepted after counsel advised him about the disputed merits, trial risk, collection risk, and the cost of continued litigation.

13. Counsel then negotiated and prepared the written Agreement and an escrowed agreed consent judgment.

14. Plaintiff and Defendant's president both executed same on August 18, 2026. See copy of agreement annexed hereto as **Exhibit "A."**

## II. GOVERNING STANDARD

15. The Eleventh Circuit recently reaffirmed that an agreement purporting to release an FLSA claim is not enforceable as to that claim unless approved by the Department of Labor or a court. See O'Neal v. Am. Shaman Franchise Sys., Inc., 166 F.4th 1274, 1275, 1277, 1279, 1280 (11th Cir. 2026); see also Lynn's Food, 679 F.2d at 1352-54.

16. In a private action brought by an employee represented by counsel, the Court may approve a settlement that is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Lynn's Food, 679 F.2d at 1355.

17. Relevant considerations include: (1) fraud or collusion; (2) the complexity, expense, and likely duration of continued litigation; (3) the stage of the case and discovery completed; (4) the probability of success; (5) the range of possible recovery; and (6) counsel's opinions. See Leverso v. SouthTrust Bank of Alabama, N.A., 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

18. The Court must also ensure that the fee component is reasonable and does not taint the employee's recovery. See Silva v. Miller, 307 F. App'x 349, 351–52 (11th Cir. 2009).

## III. THE AGREEMENT IS FAIR AND REASONABLE

### A. The Agreement Resolves Bona Fide Disputes

19. The record presents concrete disputes, not a waiver of undisputed wages.

20. Plaintiff maintains that his caretaker work was non-exempt, that he worked thirty-two (32) overtime hours each week, and that Defendant knowingly paid only straight time rather than time-and-a-half for hours worked in excess of forty (40) hours per week.

21. Defendant contests the hours, asserts an exemption, and invokes non-willfulness and good faith.

22. Those positions affect liability, whether a two- or three-year limitations period applies, liquidated damages, and the measure of recovery.

23. Continued litigation would require document discovery, testimony about duties and hours, dispositive-motion practice, trial preparation, and potentially an appeal.

### B. The Leverso Factors Favor Approval

24. **No fraud or collusion.** Both sides are represented by counsel.

25. Negotiations spanned many months, involved multiple offers and concessions, and occurred after pleadings, disclosures, written discovery, and pretrial preparation.

26. The final terms were negotiated at arm's length, and Plaintiff knowingly signed after receiving advice about the settlement and fee allocation.

27. **Complexity, expense, and duration.** Exemption status depends on Plaintiff's actual primary duties; hours and damages depend on competing testimony and records; and willfulness and good faith are fact intensive.

28. Trial and collection proceedings would consume substantial additional resources.

29. The installment security provides a negotiated response to Defendant's asserted inability to make a lump-sum payment.

30. **Stage and discovery.** The Parties exchanged Rule 26 information, Plaintiff served written discovery, and both sides prepared for a Rule 16 conference.

31. Although no deposition or dispositive motion was completed, counsel had sufficient information about the job, schedule, pay arrangement, defenses, damages theory, and Defendant's financial constraints to evaluate the compromise.

32. **Probability of success and range of recovery.** Plaintiff alleged an unpaid premium of $384.00 per qualifying week and sought liquidated damages, but Defendant's defenses could produce a recovery ranging from zero to unpaid overtime and liquidated damages for a disputed two- or three-year period.

33. Among other risks, the Plaintiff is the ex-husband of the principal who operates the business of the Defendant, and a jury may have weighed this fact against the Plaintiff.

34. The $13,197.25 gross payment to Plaintiff is certain and he is paid first from all proceeds therefrom, while a judgment after trial would be uncertain and could be difficult to collect.

35. The compromise reasonably discounts both merits and collection risks without requiring Plaintiff to abandon an undisputed entitlement.

36. **Counsel's opinions.** Counsel for both sides recommend approval.

37. Their judgment is entitled to weight because they negotiated in an adversarial setting, evaluated the pleadings and exchanged information, and confronted the impending pretrial conference.

**C. The Monetary and Non-Monetary Terms Are Proper**

38. The $25,000.00 settlement is allocated as follows: $13,197.25 to Plaintiff before taxes; $10,797.75 in attorneys' fees; and $1,005.00 in litigation costs.

39. Defendant will make five payments of $4,250.00 beginning September 1, 2026, and one $3,750.00 payment due February 1, 2027.

40. Plaintiff receives the first three installments and $447.25 of the fourth; the balance pays attorneys' fees and costs.

41. If approval has not issued by a due date, payment is held in counsel's trust account pending approval, as it currently is.

42. The release is appropriately limited.

43. It covers wage-and-hour claims asserted, or that could have been asserted from the same alleged facts, through Plaintiff's execution date.

44. It excludes unrelated claims, post-signature claims, and rights under the Agreement.

45. The Agreement contains no confidentiality, non-disparagement, no-reemployment, or general release provision.

46. Nor does it restrict truthful communications with government agencies.

47. The five (5) business-day notice-and-cure procedure, acceleration remedy, and escrowed consent judgment secure an installment settlement.

48. The consent judgment is not self-executing: entry requires a motion supported by proof of default, notice, cure, and payments, and Defendant may show timely payment or inadequate notice.

49. The Agreement also provides that, if the $50,000.00 default amount is not entered or enforced, Plaintiff may recover only the unpaid settlement balance, lawful interest, and reasonable enforcement fees.

50. Thus, the Court may approve the compromise now while reserving any decision about entry or enforceability unless an actual default occurs.

## IV. THE FEE AND COST COMPONENTS ARE REASONABLE

51. The total $25,000.00 settlement was negotiated first.

52. Defendant did not dictate the later division between Plaintiff and his counsel.

53. Plaintiff discussed the allocation with counsel, signed the Agreement, and receives his entire $13,197.25 gross recovery before counsel receives fees.

54. The attorneys' fees is decided by the Plaintiff's retainer agreement with the undersigned's firm. See copy of executed retainer agreement annexed hereto as **Exhibit "B."**

55. Those safeguards reduce any concern that fees diminished the employee's negotiated recovery.

56. The lodestar confirms reasonableness.

57. The lodestar is the number of hours reasonably expended multiplied by a reasonable rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

58. Plaintiff's counsel has devoted 32.3 hours of time through August 19, 2026.

59. At $350.00 per hour, the lodestar is $11,305.00.

60. The requested $10,797.75 fee is $507.25, or 4.5%, below that amount.

61. The work includes claim analysis, demand and complaint review, client conferences, Rule 26 work, written discovery, settlement negotiations, drafting the Agreement, and pretrial submissions.

62. The $350.00 rate is reasonable for federal wage-and-hour work, and the Court may rely on its own knowledge and experience in evaluating it. See Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988).

63. The $1,005.00 cost component consists of the $405.00 filing fee, $100.00 *pro hac vice* fee, and $500.00 local-counsel fee.

64. The expense ledger and available supporting records should be filed as **Exhibit "C."**

65. These are ordinary, identifiable litigation expenses and match the executed Agreement.

66. Consistent with ECF 7 at 9-10, Plaintiff's counsel certifies that the time records submitted as **Exhibit "C"** are accurate, were prepared contemporaneously with the work performed, and were reviewed and verified no less frequently than monthly.

## V. STAY AND RETAINED JURISDICTION

67. The last installment is due February 1, 2027.

68. The Agreement requires the Parties to seek retained jurisdiction until thirty days after full payment and to file a dismissal with prejudice within three (3) business days after counsel confirms receipt of all collected funds.

69. A stay avoids unnecessary litigation expense while preserving the Court's authority.

70. The Court may expressly retain enforcement jurisdiction by order. See Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994); see also Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278–79 (11th Cir. 2012).

## VI. CONCLUSION

The Parties respectfully request that the Court:

(1) approve the executed Agreement as a fair and reasonable resolution of a *bona fide* FLSA dispute;

(2) approve the $10,797.75 fee and $1,005.00 cost components;

(3) stay all deadlines and conferences during the installment period;

(4) retain jurisdiction through thirty (30) days after full payment;

(5) reserve any decision on entry or enforcement of the escrowed consent judgment unless and until a properly supported default motion is filed; and

(6) direct the Parties to file a joint notice and stipulation of dismissal with prejudice within three (3) business days after full payment.

Dated: September 23, 2026

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
Admitted pro hac vice
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421
emanuel@sagelegal.nyc

David I. Schoen
Alabama Bar No. 0860-042D
2800 Zelda Road, Suite 100-6y
Montgomery, AL 36106
(334) 395-6611
david@schoenlawfirm.com

*Attorneys for Plaintiff*

**BEEMAN LAW FIRM**
*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Alabama Bar No. 1838-E63R
P.O. Box 253
Helena, AL 35080
(205) 663-9296 (office)
(205) 422-9015 (mobile)
(800) 693-5150 (facsimile)
rlbsportsmgnt12@gmail.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026, I electronically filed the foregoing through CM/ECF, which will transmit notice to all counsel of record.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.