FILED
2026 Sep-23 PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# SETTLEMENT AGREEMENT AND RELEASE

*Hall, Sr. v. Just as Family, Inc. | Case No. 2:25-cv-00187-ACA*

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between JOEL HALL, SR. ('Plaintiff'), on the one hand, and JUST AS FAMILY, INC. ('Defendant'), on the other hand. Plaintiff and Defendant are referred to collectively as the "Parties" and individually as a "Party."

**WHEREAS,** on February 5, 2025, Plaintiff commenced an action against Defendant in the United States District Court for the Northern District of Alabama, styled Hall, Sr. v. Just as Family, Inc., Case No. 2:25-cv-187 (ACA) (the "Action"), asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), for alleged unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs;

**WHEREAS,** Plaintiff contends, among other things, that he worked more than forty hours in certain workweeks without receiving all overtime compensation allegedly due;

**WHEREAS,** Defendant denies Plaintiff's allegations and liability, and contends, among other things, that Plaintiff worked in a bona fide administrative capacity exempt from the FLSA's overtime requirements;

**WHEREAS,** the Parties acknowledge that a bona fide dispute exists as to liability, hours worked, Plaintiff's exempt or non-exempt status, willfulness, the applicable limitations period, and damages;

**WHEREAS,** the Parties, each represented by counsel, desire to resolve the Action fully and finally, without the expense, delay, uncertainty, and burden of further litigation, and without any admission of liability or wrongdoing;

**NOW, THEREFORE,** in consideration of the mutual promises and obligations stated below, the receipt and sufficiency of which are acknowledged, and intending to be legally bound, the Parties agree as follows:

## 1. CONSIDERATION.

The Parties enter into this Agreement in exchange for good and valuable consideration. Subject to the Court's approval as provided below, Plaintiff agrees not to seek any consideration from Defendant beyond the Settlement Amount for the Released Claims. The Settlement Amount includes all alleged wages, liquidated damages, interest, attorneys' fees, expenses, and costs encompassed by the compromise of the Action.

## 2. SETTLEMENT AMOUNT, ALLOCATION, AND PAYMENT

a. Defendant shall pay a total of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount") in full settlement of the Released Claims and the Action, inclusive of Plaintiff's alleged damages and Plaintiff's attorneys' fees and costs.

b. The Settlement Amount shall be allocated as follows. Any tax characterization of Plaintiff's gross recovery between wages and non-wage damages shall be stated in the Parties' approval papers or other written tax instructions consistent with applicable law.

| Allocation Category | Amount |
|---|---|
| Plaintiff's gross recovery (before taxes) | $13,197.25 |
| Attorneys' fees (45% of $23,995.00) | $10,797.75 |
| Reimbursable litigation costs | $1,005.00 |
| **TOTAL** | **$25,000.00** |

c. Defendant shall pay the Settlement Amount in six installments according to the following schedule:

| Installment | Amount | Due Date |
|---|---|---|
| 1 | $4,250.00 | September 1, 2026 – payable in full to Plaintiff |
| 2 | $4,250.00 | October 1, 2026 – payable in full to Plaintiff |
| 3 | $4,250.00 | November 1, 2026 – payable in full to Plaintiff |
| 4 | $4,250.00 | December 1, 2026 - $447.25 to Plaintiff, remainder to Sage Legal |
| 5 | $4,250.00 | January 1, 2027 – payable in full to Sage Legal |
| 6 | $3,750.00 | February 1, 2027 – payable in full to Sage Legal |

d. Payments shall be made by wire, ACH, or electronic transfer pursuant to written instructions supplied by Plaintiff's counsel, and delivered to Plaintiff's counsel. Payment is deemed made only when collected funds are received. If a due date falls on a weekend or federal holiday, payment is due on the next business day.

e. The Parties intend the payment schedule to begin on September 1, 2026. If the Court has not approved this Agreement by a scheduled due date, Defendant shall nevertheless make that payment to Plaintiff's counsel's attorney trust account, where it will remain pending approval. If the Court finally declines to approve the Agreement and the Parties terminate it, any undistributed funds shall be returned to Defendant within five business days.

f. No payment may be reduced, withheld, recouped, or set off based on any claim or alleged obligation, including any alleged child-support obligation or other matter outside the Action. The Parties agree that such matters are not resolved by this Agreement and may be addressed only in a proper, separate proceeding.

g. Consistent with Plaintiff's arrangement with his counsel, payments will be applied first to Plaintiff's $13,197.25 gross recovery until paid in full, and then to $10,797.75 in attorneys' fees and $1,005.00 in reimbursable litigation costs as set forth above.

h. Plaintiff is responsible for any personal taxes arising from amounts paid to him. No Party or counsel has made a representation to another Party concerning tax treatment, and each Party may obtain independent tax advice. Defendant shall issue all tax forms required by law in accordance with the tax characterization stated in the Parties' approval papers or other written instructions agreed by the Parties.

## 3. COURT APPROVAL AND DISPOSITION OF THE ACTION

a. Promptly after execution, the Parties shall jointly seek, to the extent required, judicial approval of this Agreement as a fair and reasonable resolution of a bona fide FLSA dispute. The Parties shall cooperate in making any non-substantive revision requested by the Court. Any material revision requires a writing signed by both Parties.

b. The FLSA release in Paragraph 4 becomes effective only when the Court enters an order approving this Agreement (the "Approval Date"). If the Court finally refuses approval, either Party may terminate the Agreement by written notice after the Parties confer in good faith about revisions.

c. The Parties shall request that the Court retain jurisdiction to enforce this Agreement until thirty days after the Settlement Amount has been paid in full. Within three business days after Plaintiff's counsel confirms receipt of the entire Settlement Amount in collected funds, the Parties shall file a stipulation dismissing the Action with prejudice, unless the Court directs a different procedure.

## 4. PLAINTIFF'S LIMITED RELEASE OF WAGE-AND-HOUR CLAIMS

Upon the Approval Date and subject to Defendant's full performance, Plaintiff, for himself and his heirs, representatives, successors, and assigns, releases and forever discharges Defendant and its past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, owners, members, employees, agents, insurers, and attorneys (collectively, the "Released Parties") from all claims for unpaid minimum wages, overtime compensation, regular wages, liquidated damages, statutory damages or penalties, interest, attorneys' fees, costs, and related relief under the FLSA and any other federal, state, or local wage-payment law that were asserted in the Action or could have been asserted in the Action based on the same alleged facts, for the period through the date Plaintiff signs this Agreement (the "Released Claims"). This is a limited wage-and-hour release. It does not release claims unrelated to wages or hours, claims arising after Plaintiff signs this Agreement, or rights created by this Agreement.

## 5. COVENANT NOT TO SUE

Plaintiff covenants not to commence or maintain a lawsuit or other proceeding against any Released Party concerning a Released Claim after the Approval Date, except to enforce this Agreement or challenge conduct occurring after Plaintiff signs it. If Plaintiff breaches this covenant, as determined by a court of competent jurisdiction, a prevailing Released Party may recover reasonable attorneys' fees and costs incurred to enforce the covenant, to the extent permitted by law.

## 6. NO ADMISSION OF LIABILITY

Neither this Agreement, the Settlement Amount, nor anything done in connection with the settlement constitutes a finding or admission of liability, wrongdoing, damages, coverage, or violation of law by Defendant or any Released Party. Defendant has denied and continues to deny Plaintiff's allegations and enters into this Agreement solely to avoid the cost, burden, delay, and uncertainty of further litigation. This Paragraph does not limit the use of the Agreement in a proceeding to obtain approval or enforce its terms.

## 7. PAYMENT DEFAULT; ESCROWED AGREED CONSENT JUDGMENT

a. A "Payment Default" occurs if Defendant fails to make a payment when due and does not cure the failure within five business days after Plaintiff's counsel gives written notice to Defendant's

counsel. Notice by email to the addresses used by counsel in the settlement correspondence is sufficient.

b. Upon an uncured Payment Default, all unpaid installments immediately accelerate. Plaintiff may also file the executed Agreed Consent Judgment attached as Exhibit A, which Defendant shall execute contemporaneously with this Agreement and which Plaintiff's counsel shall hold in escrow.

c. The principal amount of the Agreed Consent Judgment shall be Fifty Thousand Dollars ($50,000.00), less every payment actually received and retained under this Agreement before entry of judgment (the 'Default Judgment Amount'), plus post-judgment interest under 28 U.S.C. § 1961 and reasonable attorneys' fees and costs incurred in obtaining and enforcing the judgment. Defendant waives further notice of, and consents to, entry of the Agreed Consent Judgment after an uncured Payment Default, subject to Defendant's right to show that payment was timely made or the stated cure period was not provided.

d. The Parties acknowledge that the Default Judgment Amount was specifically negotiated as material security for an installment settlement, accounts for the delay and collection risk accepted by Plaintiff, and is not intended as a penalty. If a court declines to enter or enforce the Default Judgment Amount, Plaintiff remains entitled to recover the unpaid Settlement Amount, applicable interest, and reasonable attorneys' fees and costs, and the remainder of this Agreement remains in effect to the fullest extent permitted by law.

**8. THIRD-PARTY BENEFICIARY**

Plaintiff's counsel is an intended third-party beneficiary solely as to the portion of the Settlement Amount allocated to attorneys' fees and costs and may enforce that payment obligation as if it were a party to this Agreement. This provision does not increase Defendant's total payment obligation.

**9. BREACH AND ENFORCEMENT**

Except for a Payment Default governed by Paragraph 7, if a Party materially breaches this Agreement, the non-breaching Party may seek proven damages, specific performance, injunctive relief where appropriate, and reasonable attorneys' fees and costs if that Party substantially prevails in an enforcement proceeding. Before filing an enforcement proceeding, the complaining Party shall give written notice and five business days to cure, unless immediate relief is reasonably necessary to prevent irreparable harm.

**10. GOVERNING LAW; FORUM; JURY-TRIAL WAIVER**

This Agreement shall be interpreted and enforced under the laws of the State of Alabama, without regard to conflict-of-laws principles, except to the extent federal law governs the FLSA release or the Court's jurisdiction. Any proceeding arising from or relating to this Agreement shall be brought in the United States District Court for the Northern District of Alabama while that court retains jurisdiction or, if federal jurisdiction is unavailable, in a court of competent jurisdiction in Jefferson County, Alabama. The Parties consent to personal jurisdiction and venue in those courts. TO THE FULLEST EXTENT PERMITTED BY LAW, EACH PARTY KNOWINGLY AND VOLUNTARILY WAIVES A JURY TRIAL IN A DISPUTE ARISING FROM OR RELATING TO THIS AGREEMENT.

**11. EFFECTIVE DATE**

Except for the FLSA release, which becomes effective on the Approval Date, this Agreement becomes binding on the date the last Party signs it (the 'Effective Date'). The payment-security and court-approval provisions are binding from the Effective Date.

**12. ENTIRE AGREEMENT**

This Agreement, including Exhibit A, contains the entire agreement between the Parties concerning settlement of the Action and supersedes all prior oral and written settlement discussions, proposals, and understandings concerning that subject. No promise or representation not stated in this Agreement has been relied upon in entering it.

**13. SEVERABILITY**

If any provision is held invalid or unenforceable, that provision shall be enforced to the maximum extent permitted and, if necessary, severed without invalidating the remaining provisions, unless severance would materially defeat the Agreement's essential purpose. The Parties shall negotiate in good faith a valid substitute provision that most closely reflects their original intent.

**14. MODIFICATION AND WAIVER**

No modification, supplement, or waiver is effective unless in a writing signed by the Party against whom it is enforced. A waiver on one occasion is not a waiver on another occasion, and a delay in enforcing a right does not waive that right.

**15. NEUTRAL CONSTRUCTION**

Each Party was represented by counsel and had the opportunity to review and participate in drafting this Agreement. No presumption or rule construing ambiguity against a drafter shall apply. The Agreement shall be construed as a whole according to its fair meaning.

**16. COUNTERPARTS AND ELECTRONIC SIGNATURES**

This Agreement may be executed in counterparts, each deemed an original and all constituting one instrument. Signatures transmitted by email, electronic-signature platform, or PDF have the same force and effect as original handwritten signatures.

**17. AUTHORITY; VOLUNTARY EXECUTION**

Each signatory represents that he or she has full authority to sign and perform this Agreement for the Party identified below. Each Party acknowledges that it has read and understands the Agreement, has had sufficient opportunity to consult counsel, signs freely and knowingly after due consideration, and intends to be legally bound.

**WHEREFORE,** the Parties execute this Agreement on the dates shown below.

**AGREED:**

Joel Hall ______________________ Date: 8/18/26

**JOEL HALL, SR.**

Meosha Wright ______________________ Date: 8/18/26

**JUST AS FAMILY, INC.**

By: Meosha Wright | Title: President

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JOEL HALL, SR., on behalf of himself and others similarly situated,

Plaintiff,

vs.

JUST AS FAMILY, INC.,

Defendant.

**Case No.: 2:25-cv-00187-ACA**

**EXHIBIT A**
**AGREED CONSENT JUDGMENT TO BE HELD IN ESCROW**

Plaintiff Joel Hall, Sr. and Defendant Just as Family, Inc. have entered into a Settlement Agreement and Release (the "Settlement Agreement') that provides for this Agreed Consent Judgment to be held in escrow and presented only after an uncured Payment Default as defined in the Settlement Agreement.

Upon Plaintiff's motion supported by a declaration establishing the Payment Default, the notice and cure required by the Settlement Agreement, and the payments received, and subject to the Court's determination that entry is proper, judgment shall be entered in favor of Plaintiff Joel Hall, Sr. and against Defendant Just as Family, Inc. in the amount of Fifty Thousand Dollars ($50,000.00), less all payments received and retained under the Settlement Agreement before entry of judgment, for a net principal judgment of $_______________, plus post-judgment interest under 28 U.S.C. § 1961 and reasonable attorneys' fees and costs as allowed by the Settlement Agreement and law.

This judgment resolves only the obligations identified in the Settlement Agreement. The Court retains jurisdiction to enforce this judgment and the Settlement Agreement to the extent provided by law.

DONE and ORDERED this ____ day of ________________, 20____.

______________________________
**UNITED STATES DISTRICT JUDGE**

**AGREED AND CONSENTED TO:**

Joel Hall [signature] Date: 8/18/26
**JOEL HALL, SR.**

[signature] Date: 8/18/26
**JUST AS FAMILY, INC.**

By: Neosha Wright | Title: President